# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-490-JGB (SPx) | Date | March 12, 2019 |
|---|---|---|---|
| Title | Construction Laborers Trust Funds for Southern California Administrative Company v. West Coast Structures, Inc., et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:

**Proceedings:**      **(In Chambers) Order to Show Cause Why Portions of Declaration of Plaintiff's Counsel Should Not Be Stricken For Lack of Personal Knowledge and Plaintiff's Application Consequently Denied**

On March 8, 2019, plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, LLC ("Construction Laborers") filed an ex parte application for a Writ of Attachment, and in the alternative, for a Temporary Protective Order ("TPO") (docket no. 72) against defendant West Coast Structures, Inc. ("West Coast").[1] The application is supported by various declarations, plaintiff's Memorandum, and exhibits. Defendants have not yet filed any response to plaintiff's application.

Of the declarations that support plaintiff's application, only the declaration of plaintiff's counsel suggests defendants are liquidating or transferring assets. In his declaration, plaintiff's counsel states that he and plaintiff's office have been in touch with several current and former employees of defendant West Coast, and that these employees have told them that defendant Brian Skajem, West Coast's president, was selling assets of the company. *See* 3/8/2019 Sackman Decl. (docket no. 77) ¶ 2. Defendant Skajem told these employees that he was starting a new company. *Id.* ¶ 2. Plaintiff's counsel suspects

---

[1] Although Local Civil Rule 5-4.5 requires chambers copies of all e-filed documents to be delivered to the pertinent judge's chambers copy box by noon on the court day following the date of filing, the court has yet to see a chambers copy of this application. Plaintiff should promptly provide one.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-490-JGB (SPx) | Date | March 12, 2019 |
|---|---|---|---|
| Title | Construction Laborers Trust Funds for Southern California Administrative Company v. West Coast Structures, Inc., et al. | | |

defendant Skajem may be trying to transfer his assets to a new company to avoid his obligations. *Id.* Plaintiff's counsel also states defendant West Coast's contractor's license has been suspended, which would further impair plaintiff's ability to recover damages. *Id.* ¶¶ 3-4.

Under California Code of Civil Procedure § 485.010, no right to attach order or writ of attachment may be issued ex parte unless "it appears from facts shown by affidavit that great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice." Such an affidavit or declaration must state the facts "with particularity." Cal. Code Civ. P. § 482.040. Except where matters are specifically permitted to be shown upon information and belief, each affidavit or declaration must show that the affiant or declarant, if sworn as a witness, can testify competently to the facts stated therein. *Id.* "At a minimum, this means that the affiant or declarant must show actual, personal knowledge of the relevant facts, rather than the ultimate facts commonly found in pleadings, and such evidence must be admissible and not objectionable." *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1182 (C.D. Cal. 2000); *see also Walls Industries LLC v. United Aryan EPZ Ltd.*, 2013 WL 12205045, at *3 (C.D. Cal. Apr. 4, 2013) (evidence supporting the ex parte issuance of a writ of attachment must be admissible).

The declaration of plaintiff's counsel suggests plaintiff faces great injury largely based on information defendant Skajem reportedly conveyed to his employees, who later relayed the information to plaintiff's counsel. Plaintiff's counsel would not be able to testify to these facts, which are hearsay and outside his personal knowledge. The court does not here decide whether plaintiff's additional argument that the suspension of defendant West Coast's license would impair plaintiff's recovery is sufficient by itself to support the issuance of a Writ, but notes the difficulties of such argument.

Accordingly, plaintiff is hereby ORDERED to show cause, on or before March 22, 2019, why portions of the declaration of plaintiff's counsel should not be stricken for lack of personal knowledge, and why the present application should not be consequently denied.