UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-490-JGB (SPx)** | Date | October 24, 2019 |
| Title | *Construction Laborers Trust Funds for Southern California Administrative v. West Coast Structures, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendants' Counsel's Motion to Withdraw as Counsel (Dkt. No. 140); and (2) VACATING the October 28, 2019 Hearing (IN CHAMBERS)

Before the Court is a motion for leave to withdraw as Defendants' counsel filed by Daniel Jai Tripathi ("Tripathi"). ("Motion," Dkt. No. 140.) The Court considers this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion and VACATES the October 28, 2019 hearing.

## I. BACKGROUND

Construction Laborer Trust Funds for Southern California Administrative Company ("Plaintiff") filed a Complaint against Defendants West Coast Structures, Inc. ("West Coast") and Brian Skajem ("Skajem") (collectively, "Defendants") which contains three causes of action: (1) contribution to employee benefit plans; (2) preliminary and permanent injunctive relief; and (3) breach of fiduciary duty. ("Complaint," Dkt. No. 1.) According to the Complaint, Plaintiff appears in its capacity as an administrator and agent for collection of several employee benefit plans, and as a fiduciary to those plans. (Id. ¶ 1.) West Coast is a California corporation and Skajem is the President and Responsible Managing Officer of West Coast. (Id. ¶¶ 4–5.)

On April 30, 2018, the Clerk entered default as to West Coast, (Dkt. No. 16), and Skajem, (Dkt. No. 17.) On September 3, 2018, Tripathi was added as attorney to West Coast and Skajem,

and he filed a motion to set aside the entries of default.  (Dkt. No. 28.)  On June 19, 2019, the Court issued an order to show cause regarding contempt and vacating the civil trial scheduling order.  (Dkt. No. 110.)  On September 12, 2019, Tripathi filed a motion to withdraw, (Dkt. No. 132), but it was ordered stricken, (Dkt. No. 134).  Tripathi filed the Motion on September 29, 2019.  (Mot.)  Plaintiff filed a "limited" opposition, ("Opposition," Dkt. No. 141), and Defendants filed a reply, (Dkt. No. 142.)

## II.  LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of the court."  L.R. 83-2.3.2.  The motion for leave to withdraw "must be supported by good cause."  Id.  The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances.  See Thompson v. Special Enforcement, Inc., No. 07-1666, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).  Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court."  Id. at *2.  In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III.  DISCUSSION

Tripathi's asserted cause to withdraw is that there has been a breakdown in the attorney-client relationship, because Defendants have failed to "cooperate and comply" with his requests, resulting in an unreasonably difficult representation.  (Mot. at 6.)  Tripathi does not provide further detail about the lack of cooperation or compliance.  The nature and duration of the non-cooperation are unclear from the Motion and Tripathi's attached declaration.  ("Declaration," Dkt. No. 140 at 7-8.)  Thus, the Court has insufficient information about the reason the withdrawal is sought.

Plaintiff opposes the Motion, because there is "no evidence that there was any 'written notice given reasonably in advance to the client.'"  (Opp'n. at 2 (citing L.R. 83-2.3.2.)  Plaintiff also argues Tripathi has not presented evidence of compliance with Local Rule 83-2.3.4, which requires notice to client organizations of the consequences of the withdrawal in light of the inability of organizations to appear pro se.  (Id.)  Plaintiff states it is amenable to the withdrawal if Defendants' counsel complies with the Local Rules and he and Defendants continue to appear at hearings.  (Id.)

The Court agrees that Tripathi's Motion and Declaration do not establish compliance with the Local Rules. The Declaration states vaguely that "Cal-Lawyer sent the Defendants a formal notice on August 23, 2019," (Decl. ¶ 4). The Motion elaborates slightly that this notice was "written and oral notice to Defendants of [Cal-Laweyer's] intention to withdraw from this case and other cases unless communication and cooperation were greatly improved." (Mot. at 4 (emphasis added).) First, the notice was merely conditional, and it is not clear whether Defendants were separately notified that Tripathi was in fact moving to withdraw, such that they would have time to find another attorney. Tripathi's (first) motion to withdraw, filed on September 12, 2019, was filed less than three weeks after this conditional notice. Second, the Court cannot conclude from Tripathi's statements that he included the requisite notice to the organization under Local Rule 83-2.3.4.

The Reply notes resolution of the issue will "only be resolved through an amplification and explanation, by Movant, in camera, [b]ecause [a confidential] August 23, 2019 communication between Movant and his clients . . . is involved." (Reply at 2-3.) However, to submit and obtain in camera review of confidential material, counsel should refer to Local Rule 79-6. The Motion is DENIED due to the substantive and procedural inadequacies noted above.

### IV.  CONCLUSION

For the foregoing reasons, the Motion is DENIED. The October 28, 2019 hearing is VACATED.

**IT IS SO ORDERED.**