UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-490 JGB (SPx)** | Date | August 31, 2020 |
| Title | *Construction Laborers Trust Funds for Southern California Administrative Company v. West Coast Structures, Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Counsel's Ex Parte Application to Withdraw as Counsel of Record for Defendant West Coast Structures, Inc.; and (2) ORDERING Counsel to Show Cause Why Sanctions Should Not be Imposed by September 14, 2020 (IN CHAMBERS)

Before the Court is Counsel Daniel J. Tripathi's ("Counsel") ex parte application to withdraw as counsel of record for Defendant West Coast Structures, Inc. ("WCS"). ("Application," Dkt. No. 166.) The Court determines the Application is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of the Application, the Court DENIES the Application and ORDERS Counsel to show cause why sanctions should not be imposed by September 14, 2020.

### I. LEGAL STANDARD

**A. Ex Parte Application**

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." Clark v. Time Warner Cable, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007). In order to warrant ex parte relief, the moving party must establish (1) that it would be irreparably prejudiced if its application were heard according to the procedures for regularly noticed motions and (2) that it is "without fault in creating the crisis that requires ex parte relief, or the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). To determine whether irreparable prejudice will result, "it will usually be necessary

to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." Id.

**B. Leave to Withdraw as Counsel**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of the court." L.R. 83-2.3.2. The motion for leave to withdraw "must be supported by good cause." Id. The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id. The Local Rules further provide that "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4. District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008) (citations omitted).

Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." Id. at *2. In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Beard v. Shuttermart of Cal., Inc., 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted); see also Nedbank Int'l Ltd. v. Xero Mobile, Inc., 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

## II.   DISCUSSION

**A. Application**

The Application is DENIED for four reasons. First, parties seeking ex parte relief must show that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (hereinafter "Mission Power"); see also In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (C.D. Cal. 1989) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have[.]"). The Application marks Counsel's sixth attempt to withdraw from this matter, beginning with Counsel's first motion to withdraw on September 12, 2019. (Dkt. No. 132.) The Court has denied or stricken each motion to withdraw for a variety of procedural deficiencies. Now, with the noticed hearing date for the pending motion for summary judgment fast approaching (see "Motion," Dkt. No. 154), Counsel again seeks to withdraw from this matter. However, far from providing some argument that he is "without fault in creating the crisis that requires ex parte relief," Mission Power, 883 F. Supp. at 492, Counsel's moving papers omit any

explanation why ex parte relief is warranted at all.  Absent an explanation establishing excusable neglect, Counsel's year-long delay to withdraw from this matter precludes ex parte relief.

Second, "[a] court may deny a motion to withdraw representation if withdrawal would work an injustice or cause undue delay in the proceeding." <u>Alfaville LLC v. L.A. Signal, Inc.</u>, 2009 WL 10674357, at *1 (C.D. Cal. Nov. 23, 2009) (internal quotations omitted).  Because WCS is a corporate entity and cannot proceed <u>pro se</u>, permitting Counsel to withdraw would unduly delay resolution of the pending Motion and trial dates until WCS obtained counsel.  Third, "[o]n a motion to withdraw as counsel, an attorney must disclose adequate grounds for excusing counsel from further representation in the particular case." <u>Shaun Lee v. California State Prison of Los Angeles Cty. (LAC)</u>, 2010 WL 11512230, at *1 (C.D. Cal. May 12, 2010) (internal quotations omitted).  Counsel does not disclose his basis for withdrawal.  Instead, Counsel explains only that "[a]n actual conflict exists which prevents me from representing West Coast Structures in any capacity.  I will not disclose the conflict without a court order demanding that I breach attorney-client privilege." ("Memo," Dkt. No. 166-1 at 3.)  Without even a vague description of Counsel's reasons for withdrawal, the Court cannot find good cause to grant the Application.

Finally, the Local Rules require that upon withdrawal counsel give a corporation written notice of the consequences of its inability to proceed <u>pro se</u>.  See L.R. 83-2.3.4.  Counsel represents that he provided "formal notice" to WCS of the consequences of its inability to proceed <u>pro se</u>.  (Memo at 3.)  This is insufficient to establish <u>written</u> notice under Local Rule 83-2.3.4.  See <u>Nedbank Int'l, Ltd. v. Xero Mobile, Inc.</u>, 2008 WL 4814706, at *2 (C.D. Cal. Oct. 30, 2008) ("GT says it has provided notice of Xero's inability to appear *pro se*.  However, an attorney needs to explain in writing the consequences of failure to obtain representation.").  Moreover, this Court has repeatedly required independent proof of written notice to establish compliance with the Local Rules surrounding withdrawal. <u>Wanda Rogers v. California Highway Patrol Officer Macias</u>, U.S.D.C., C.D. Cal., No. CV-19-479-JGB-KK, Dkt. No. 43 at 2–3 (collecting cases).  Counsel fails to include any evidence of compliance with Local Rule 83-2.3.4 other than his declaration.  Thus, the Court finds withdrawal unwarranted.

**B.  Sanctions**

For reasons entirely unexplained in the Application, Counsel has submitted six untimely and procedurally insufficient motions to withdraw as attorney for WCS.  Rather than taking time to familiarize himself with the Local Rules and basic procedural requirements surrounding the filing of motions, Counsel has delayed almost a year — until the eve of a hearing for a dispositive motion — only to once again move for withdrawal in a woefully deficient manner.  Worse yet, Counsel represented to this court in his brief that "it appears [Plaintiff] will not oppose this motion." (Memo at 4.)  On August 31, 2020, Plaintiff opposed the Application.  (Dkt. No. 167.)

Counsel's apparent dishonesty, neglect, and unprofessionalism have required the expense of unnecessary time, labor, and resources from this Court and Plaintiff.  Moreover, Counsel's failure to ensure timely withdrawal has prejudiced Counsel's own client, who has effectively been deprived of its counsel of choice for almost a year in this matter.  The Court ADMONISHES

Counsel and ORDERS him to show cause in writing why sanctions should not be issued by September 14, 2020.  Failure to respond to the Court's order, or an inadequate response, will result in the imposition of monetary sanctions.

### III.   CONCLUSION

For the reasons described above, the Court DENIES the Application and ORDERS Counsel to show cause why sanctions should not be imposed by September 14, 2020.  Failure to adequately respond to the Court's order will result in the imposition of monetary sanctions.

**IT IS SO ORDERED.**